# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD STONEBARGER,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:06-CV-01413-JCM-(GWF)

**ORDER**

    Before the court are respondents' motion to dismiss (#62), petitioner's response in opposition (#78), and respondents' reply (#83). The court concludes that this action is untimely, and the court grants the motion to dismiss.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.

1  28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment
2  becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th
3  Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the
4  period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to
5  equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to
6  equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that
7  some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562
8  (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it
9  to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

10  In the Eighth Judicial District Court of the State of Nevada, petitioner agreed to plead
11  guilty to first-degree kidnaping and sexual assault upon a minor under the age of 16. The court
12  entered its judgment of conviction on April 16, 2002. Ex. 27 (#38). Petitioner did not appeal, and
13  the judgment of conviction became final on May 16, 2002, with the expiration of time to file a
14  notice of appeal. See Nev. R. App. P. 4(b).

15  Petitioner retained in succession three attorneys through entry of judgment and his
16  first post-conviction habeas corpus petition in state court. First, John Lukens represented him.
17  Next, John Momot represented him through the entry of his plea. Momot should have represented
18  petitioner at sentencing, but petitioner absconded. Ex. 20 (#38). After petitioner was found, he
19  retained Robert Langford, who represented petitioner at his sentencing and through the first post-
20  conviction habeas corpus petition in state court.

21  Petitioner, with Langford's assistance, filed in state court a post-conviction habeas
22  corpus petition on April 15, 2003. Ex. 28 (#38). The district court denied the petition on August 4,
23  2003. Ex. 37 (#38). Petitioner appealed, and the Nevada Supreme Court affirmed on August 27,
24  2004. Ex. 49 (#39). Remittitur issued on September 22, 2004. Ex. 50 (#39).

25  On November 24, 2004, petitioner filed pro se in the Nevada Supreme Court a
26  petition of right and petition for a writ of habeas corpus. Ex. 52 (#39). The Nevada Supreme Court
27  denied the petition on January 13, 2005, informing petitioner that he needed to raise challenges to
28  the validity of his judgment of conviction in the district court through a post-conviction habeas

corpus petition pursuant to Chapter 34 of the Nevada Revised Statutes. Ex. 58 (#39). A notice in lieu of remittitur was filed on February 8, 2005. Ex. 59 (#39).

On February 22, 2005, petitioner filed in state district court his second post-conviction habeas corpus petition. Ex. 60 (#39). The district court denied the petition on May 5, 2006. Ex. 89 (#41). Petitioner appealed, and the Nevada Supreme Court affirmed on November 10, 2006. Ex. 100 (#41). The Nevada Supreme Court determined that the petition was untimely, successive, and abusive of the writ. Id., pp. 2-3 (citing Nev. Rev. Stat. §§ 34.726, 34.810) (#41). Remittitur issued on November 7, 2006. Ex. 101 (#41).

Petitioner effectively commenced this action on October 31, 2006, by mailing to this court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#10).

The court is not persuaded by petitioner's arguments that the period of limitations should have started running on a date other than the date of finality of his judgment of conviction. First, petitioner argues that he hired Langford to file a motion to withdraw his plea before entry of the judgment, that Langford failed to file that motion or to appeal the judgment, that Langford did not give petitioner his client file until January 5, 2005, and that Langford's inaction created an impediment, attributable to the state, to filing a petition. See 28 U.S.C. § 2244(d)(1)(B), Ex. 56 (#39). Petitioner might have stated a claim that Langford's failure to file a direct appeal denied petitioner his right to a direct appeal, but Langford's inaction did not prevent him from timely filing a federal habeas corpus petition, and thus it was not a state-created impediment that affects the commencement date of the period of limitation. Randle v. Crawford, 604 F.3d 1047, 1056 (9th Cir. 2010), petition for cert. filed (August 10, 2010). Furthermore, petitioner's lack of Langford's client file could not have been an impediment to his filing a petition, because during that time petitioner was pursuing his first state habeas corpus petition, and the period of limitation was tolled.

Next, petitioner argues that the period of limitation should not have started to run until August 5, 2010, when he received test results from a laboratory indicating that he was not the donor of DNA found upon the clothing of the victim. The period of limitation might begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Those laboratory

test results reveal nothing new. A criminalist employed by the Las Vegas Metropolitan Police Department stated that no spermatozoa were detected in the sexual assault kit of the victim and that no DNA was recovered from secretions of the skin of the victim. Ex. 111 (#41). Petitioner himself told the police that it would have been physically impossible for him to have been the donor of the DNA on the victim's clothes. Ex. 119, pp. 65-66 (#41). The tests and petitioner's statement occurred before entry of the judgment of conviction.[1] Section 2244(d)(1)(D) does not create a later date for the start of the period of limitation.

Reasonable jurists would not find the court's conclusions on when the period of limitation commenced to be debatable or wrong, and the court will not issue a certificate of appealability on the issue.

By the operation of the statute of limitation, this action is untimely. Three hundred thirty-four (334) days passed between the finality of the judgment of conviction on May 16, 2002, and the filing of the first state habeas corpus petition on April 15, 2003. The period of limitation was tolled while the first state habeas corpus petition was pending. The period of limitation resumed after September 22, 2004, when the Nevada Supreme Court issued its remittitur after affirming the denial of that petition. Thirty-one (31) days later, the period of limitation expired at the end of October 23, 2004. Petitioner's original petition filed in the Nevada Supreme Court could have tolled the period of limitation pursuant to § 2244(d)(2). Blair v. Crawford, 275 F.3d 1156 (9th Cir. 2002). However, by that time the period of limitation had expired, and nothing was left to be tolled. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's second state habeas corpus petition did not toll the period of limitation, both because there was nothing left to be tolled and because it was untimely and thus not properly filed. Pace, 544 U.S. at 417.

---

[1] Recently, the court of appeals held that test results favoring a petitioner, based upon methods developed since the judgment of conviction became final, might trigger a later starting date for the period of limitation pursuant to 28 U.S.C. § 2244(d)(1)(D). Souliotes v. Evans, 08-15943, 2010 WL 3619908 (9th Cir. 2010). Souliotes is inapposite because nothing indicates that the tests recently conducted used a new method, and the results have revealed nothing new.

If the court were to consider the petition on its merits, then it would need to determine that equitable tolling is warranted. Petitioner incorrectly assumes that equitable tolling acts as a quasi-statutory tolling, stopping the limitation clock in the same way that a properly filed post-conviction motion or petition stops the clock pursuant to 28 U.S.C. § 2244(d)(2). Under petitioner's method, he argues that he could not file a federal habeas corpus petition (1) between the finality of his judgment of conviction and the commencement of his first state habeas corpus petition, (2) between the issuance of the remittitur in that first state habeas corpus petition and petitioner's learning of the Nevada Supreme Court's decision, and (3) while his second state petition was pending. Petitioner then combines those equitably tolled times with the statutorily tolled times that his first state habeas corpus petition and his original petition were pending, and determines that only 28 non-tolled days have passed between the finality of his judgment of conviction and the effective commencement of this action.

Equitable tolling does not work that way. "[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted). The Court of Appeals for the Ninth Circuit has not applied a stop-the-clock rule for equitable tolling of § 2244(d). Instead, it looks upon equitable tolling as an *equitable* concept. As noted in Allen, the petitioner must demonstrate causation as part of the requirement that he is pursuing his remedies diligently. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006); Spitsyn, 345 F.3d at 799. In Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court

determined that equitable tolling might have been warranted, but it applied the same causation rule which it had adopted in Allen, and the court remanded for further argument on whether equitable tolling was warranted. 304 F.3d at 922-26.[2] Diligence requires a petitioner to file a petition as promptly as reasonably possible upon learning that the period of limitation had expired and upon the removal of the circumstances that prevented filing. A petitioner who delays filing a petition in federal court while pursuing motions and petitions in state court, assuming that the federal court will equitably toll the period of limitations, has demonstrated neither a circumstance that prevents timely filing nor diligence in pursuing his remedies. Waldron-Ramsey is instructive. The petitioner in that case argued that the period of limitation should have been equitably tolled because he did not have access to all of his legal records. The court of appeals held:

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, <u>or at least could have filed it less than 340 days late assuming that some lateness could have been excused</u>.

556 F.3d at 1014 (emphasis added).

      The court is not persuaded that it should give equitable tolling because petitioner's counsel, Langford, took almost a year to file the first state habeas corpus petition. Petitioner bases much of his argument upon Spitsyn. Spitsyn hired an attorney to file a federal habeas corpus petition. The attorney let the entire period of limitation run out without filing a federal petition, apologized for not following through, returned Spitsyn's payment, and finally gave Spitsyn the case file. 345 F.3d at 798. Spitsyn filed his federal habeas corpus petition almost eight months after the period of limitation expired and more than five months after receiving the case file from the attorney. Id. at 798-99. The court of appeals determined that the attorney's misconduct prevented Spitsyn from filing a timely petition. Id. at 801-02. The court of appeals remanded to the district court for a determination whether Spitsyn acted diligently in filing his petition more than five

---

[2] Judge McKeown's argument for a stop-the-clock rule did not have majority support. 304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

months after receiving the case file. Id. at 802.  Unlike Spitsyn, Langford's actions between the finality of the judgment of conviction and the filing of the first state habeas corpus petition did not make it impossible for petitioner to file a federal petition on time.  The first state habeas corpus petition was filed three hundred thirty-four (334) days after finality of the judgment of conviction. After the termination of those proceedings, petitioner still had a month to prepare and file a federal habeas corpus petition.

        Petitioner's complaints about the adequacy of Langford's representation are immaterial.  The only issue at the moment is whether petitioner has satisfied the statute of limitation.  Petitioner alleges that Langford did not file a motion to withdraw his guilty plea, and that Langford was ineffective in other ways before petitioner was sentenced.  Petitioner also alleges that Langford filed an inadequate state habeas corpus petition.  The court agrees with respondents that these problems occurred either before the judgment of conviction became final, before the commencement of the period of limitation, or while the first state habeas corpus petition was pending and tolling the period of limitation.  Therefore, they had no effect upon the running of the period of limitation, nor did they prevent petitioner from filing a timely federal habeas corpus petition.

        After the conclusion of the first state habeas corpus petition, there might have been an extraordinary circumstance that prevented petitioner from filing a timely federal habeas corpus petition, but petitioner did not pursue his rights diligently.  Petitioner argues that Langford did not inform petitioner promptly that the Nevada Supreme Court had affirmed the denial of his first state habeas corpus petition and issued a remittitur.  Petitioner alleges that he received the notice on October 27, 2004.  As noted above, the period of limitation expired on October 23, 2004.  "We agree with our sister circuits that 'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'"  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (citations omitted). If petitioner's allegation is true—respondents dispute it—then an extraordinary circumstance might have existed.

1         However, petitioner's subsequent actions show a lack of diligence in pursuing his

2 federal remedies.  Petitioner filed an original petition in the Nevada Supreme Court almost a month

3 after he argues that he received notice of the decision in his state habeas corpus appeal.[3]  Two weeks

4 after the Nevada Supreme Court denied that petition, petitioner filed his second state habeas corpus

5 petition in district court.  In holding that equitable tolling was not warranted under similar

6 circumstances, the court of appeals noted:

> Our conclusion here finds substantial support in the observation that during the same period of time Ramirez claims that he was "unable to prepare" his federal habeas petition due to limited library and copier access, he filed a lengthy and well-researched motion in federal court requesting the limitations period be tolled, and a successful discovery motion in the California Superior Court. Ramirez offers no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not these other substantial legal filings. Accordingly, Ramirez is not entitled to equitable tolling from July 11, 2003 through October 1, 2003.

Ramirez, 571 F.3d at 998.  Petitioner's reasons and Ramirez's reasons for not filing a federal

petition are different.  Petitioner argues that because Langford represented petitioner both at

sentencing and in his first state habeas corpus petition, he could not have raised claims of

Langford's ineffective assistance until his second state habeas corpus petition.  Nevertheless,

petitioner has not explained how it was possible for him to file those state petitions and yet it was

impossible for him to file a federal petition.  Petitioner might have been concerned that his

ineffective-assistance claims against Langford were not exhausted in the state courts before coming

to federal court.  However, an unexhausted claim is not the same as an inability to present the claim.

Section 2254(b) does not allow the court to grant relief upon an unexhausted claim, absent a waiver

by respondents, but it does not prohibit petitioner from presenting an unexhausted claim.  The

Supreme Court of the United States was presented with the same question in Pace.  It held, "A

prisoner seeking state postconviction relief might avoid this predicament, however, by filing a

'protective' petition in federal court and asking the federal court to stay and abey the federal habeas

---

[3]To restate, the original petition in the Nevada Supreme Court could have tolled the period of limitation pursuant to § 2244(d)(2), but the period had already expired.  Only by using a stop-the-clock rule to equitable tolling, which the court rejects, could the original petition have had any effect upon the period of limitation.

proceedings until state remedies are exhausted." 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269 (2005)).  Petitioner could have filed a federal petition simultaneously with either of his state petitions.  Instead, he waited, and that waiting was a lack of diligence.

Reasonable jurists might find the court's conclusions on equitable tolling to be debatable or wrong, and the court will issue a certificate of appealability on this issue.

Petitioner argues that the court should bypass the statute of limitations because he is actually innocent.  Petitioner recognizes that Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010), forecloses an argument that actual innocence excuses an otherwise untimely petition.  He makes the argument to preserve it for appellate review.  Nonetheless, the law is clear, and the court will not issue a certificate of appealability on the issue.

Respondents present alternative arguments for dismissal in case the court determined that the petition was timely:  (1) That ground 1 of the first amended petition (#57) does not relate back to the original petition (#10), (2) that claims in the first amended petition (#57) are not exhausted, (3) that ground 1 of the first amended petition (#57) is procedurally defaulted, and (4) that ground 1 of the first amended petition (#57) is not cognizable in federal habeas corpus.  The court will not analyze these arguments because it has determined that the entire action is untimely.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#62) is **GRANTED**.  This action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on whether the court is correct in its conclusion that equitable tolling is not warranted.

DATED:   September 24, 2010.

_____
JAMES C. MAHAN
United States District Judge